IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHERMANE SMITH, EDMANUEL PEREZ, TYHESHA BRUNSTON, MICHELLE WAL KIRK YUNKER, and TONY WILLIAMS, | ) |
| Plaintiffs, | |
| v. | ) ) |
| CITY OF CHICAGO, PHILIP J. CLINE, SUPERINTENDENT of POLICE and RICHARD DEVINE, COOK COUNTY STATES ATTORNEY | ) ) ) ) |
| Defendants. | ) |

06CV6423
JUDGE BUCKLO
MAGISTRATE JUDGE COLE

FILED LAL

NOV 2 2 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## CLASS ACTION COMPLAINT

Plaintiffs through their attorneys, THOMAS PETERS, JAYNE INGLES, and

KEVIN PETERS, state:

### COUNT I

### CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are persons from whom Chicago police officers seized property

during the last two years.

2. As to Plaintiffs, Kirk Yunker and Tony Williams, the seized property is still in

the custody of the Chicago Police Department pending review by the Chicago Police

Department prior to a recommendation that the property should be submitted to the Cook County State's Attorney for forfeiture.

3. As to Plaintiffs, Chermane Smith, Edmanuel Perez, Michelle Waldo, and Tyhesha Brunston, the seized property is still in the custody of the Chicago Police Department but the Chicago Police Department has recommended to Defendant Devine that a forfeiture action should be filed and Defendant Devine, acting through his employees and agents, has initiated a forfeiture action.

4. Defendant, Philip Cline, is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

5. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Cline.

6. Defendant, Richard Devine, is the Cook County State's Attorney and in that capacity he sets and implements the policies of that agency, as they relate to property that is seized by the police and is subject to forfeiture. He is sued in his official capacity

7. Plaintiffs are all persons who had property seized by Chicago police officers, their property is being detained by the Chicago Police Department, acting in conjunction with Richard Devine, and his agents and employees, and Plaintiffs have not been afforded a prompt post-seizure hearing to determine probable cause to continue to detain their property.

2

9. This suit is brought pursuant to 42 U.S.C. Sec. 1983 for violations of the Plaintiffs' constitutional right to a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

10. The Court has jurisdiction pursuant to 28 U.S.C. 1343.

11. All of the acts alleged herein occurred in Cook County, Illinois, and all of the acts alleged herein were made under color of state law.

## THE FORFEITURE SYSTEM

12. The City of Chicago and Superintendent Cline are authorized by state law to take 52 days following a seizure of property to decide whether the City intends to recommend that the State's Attorney seek forfeiture of the seized property. 725 ILCS 150\5.

13. During those 52 days it is the policy and practice of the City and Cline to refuse to return the seized property upon demand by the owner.

14. Neither the City nor any other government entity, agency or court reviews the seizure and there is no provision under Illinois law for a probable cause to detain hearing during the 52 days allotted to the City for forfeiture review.

15. Following the City's 52 allotted days, Devine, and the Cook County State's Attorney's office, have an additional 45 days to review the forfeiture recommendation of the Chicago Police Department. 725 ILCS 150\6(A).

3

16. During those 45 days it is the policy and practice of Devine to refuse to return the seized property upon demand by the owner.

17. If the Cook County State's Attorney's office decides to seek forfeiture, notice is mailed to the last known address of the property owner, who then must file a written claim and post bond.

18. There is no provision under Illinois law for a probable cause to detain hearing, during the 45 days allotted to the State's Attorney to decide whether to seek forfeiture of seized property.

19. In those cases when the Cook County State's Attorney elects to file a forfeiture action, three to four more weeks pass following the issuance of notice of forfeiture by the State's Attorney before the answer and bond are filed with the court.

20. Until such time as an answer is filed and bond is posted, or excused by the court, the property owner cannot have the merits of his case reviewed by a judicial officer.

21. Under Illinois law, as applied and enforced by the Defendants acting in conjunction with each other, a person from whom property is seized is not afforded a judicial or administrative hearing to determine probable cause to detain within 120 days of the seizure.

## POST DEPRIVATION PROBABLE CAUSE HEARINGS ARE NOT PROVIDED

22. Plaintiffs had property seized by Chicago Police officers, who did not have

4

judicially authorized warrants to seize the confiscated property.

23. Plaintiffs have not been afforded a prompt post-seizure probable cause to detain hearing.

24. Plaintiffs have had property detained by Defendants for more than 10 days without a probable cause to detain hearing.

25. On or about January 19, 2006, Chermane Smith's 1981 Chevrolet Caprice was seized by Chicago police officers. Ms. Smith was not charged with a criminal offense when the car was seized and Defendants did not hold a post-seizure probable cause to detain hearing. A forfeiture action ( 2006 COFO 000036) was filed and is pending.

26. On or about March 8, 2006, Edmanuel Perez's 1999 Chevrolet Malibu was seized by Chicago police officers. Mr. Perez was not charged with a criminal offense when his vehicle was seized and Defendants did not hold a post-seizure probable cause to detain hearing. A forfeiture action ( 2006 COFO 000288) was filed and is pending.

27. On or about April 8, 2006, Tyhesha Brunston's 2004 Chevrolet Impala was seized by Chicago police officers. Ms Brunston was not charged with a criminal offense when her vehicle was seized and Defendants did not hold a post-seizure probable cause to detain hearing. A forfeiture action (2006 COFO 000296) was filed and is pending.

28. On or about January 20, 2006 Michelle Waldo had $1,500.00 dollars seized by Chicago police officers. Ms. Waldo was not charged with a criminal offense when her

money was seized and Defendants did not hold a post-seizure probable cause to detain hearing. A forfeiture action (2006 COFO 000201) was filed and is pending

29.   On or about September 26, 2006, Kirk Yunker had cash seized by Chicago police officers.  Mr. Yunker was later indicted but Defendants have not held a post-seizure probable cause to detain hearing.  No forfeiture action has been filed but the cash seized from Mr. Yunker remains in the custody of the Chicago Police department.

30.   In July, 2006, Tony Williams had cash seized by Chicago police officers.  Mr. Williams was charged with a criminal offense but the charges have been dismissed. Defendants have not held a post-seizure probable cause to detain hearing. No forfeiture action has been filed but the cash seized from Mr. Williams remains in the custody of the Chicago Police Department

## THE CLASS ALLEGATIONS

31.  Plaintiffs represent a class of persons who have had, or will have, property seized by Chicago police officers, provided the Defendants do not hold a prompt post-seizure probable cause to detain hearing.

32.  Plaintiffs believe the number of potential class members exceeds 5,000 (five thousand) persons annually.

33.  As to this class, the Defendants have engaged in a common course of conduct and a common question of law will resolve all their claims. The common issue of constitutional law is whether a person from whom property is seized by a police officer,

6

without a warrant, has the right to a prompt post-seizure determination of probable cause
to continue to detain the seized property.

34. The claims of the named Plaintiffs are typical of the claims of all other class
members.

35. The Plaintiffs will fairly and adequately represent and protect the interest of
the class.

36. Plaintiffs and their counsel can fairly and adequately represent the class.

Wherefore, Plaintiffs pray the Court will a) certify this case as a class action; b)
declare that Plaintiffs have a due process right to a prompt post-seizure probable cause
hearing; c) declare that the Defendants must hold a post-seizure probable cause hearing
within ten business days of any seizure; and d) enjoin Defendants' current practice and
policy of seizing property and retaining custody for months without a judicial
determination of probable cause.

Respectfully submitted,

THOMAS PETERS
KEVIN PETERS
JAYNE INGLES
ATTORNEYS FOR THE PLAINTIFFS
407 S. Dearborn, Suite 1675
Chicago, IL 60605

7