IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHERMANE SMITH, EDMANUEL PEREZ, TYHESHA BRUNSTON, MARIA VILLASENOR, MARK EDWARDS, and LATOYA SWANIGAN, individually and on behalf of a class of similarly situated persons,<br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO; JODY WEIS, Superintendent of Police; and ANITA ALVAREZ, Cook County States Attorney;<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 06 C 6423<br>)<br>)<br>)<br>) Honorable Judge Elaine<br>) Bucklo, Presiding.<br>)<br>) |

### PLAINTIFFS' SECOND AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiffs, by and through their attorneys, Thomas Peters, Mary DeSloover, Craig Futterman, and Kevin Peters, pursuant to Rule23(b)(2) of the Federal Rules of Civil Procedure, hereby move this Court to enter an order certifying this case as a class action. In support of this Motion Plaintiffs state:

### INTRODUCTION

1. This case involves an "as applied" challenge to the Illinois Drug Asset Forfeiture Procedure Act (DAFPA , 725 ILCS 150/1 et seq.) and seeks declaratory and injunctive relief for a class in Count I and damages for the individual Plaintiffs in Count II. The Defendants reap millions of dollars each year from DAFPA seizures, at least in

part, by denying property owners their Constitutional right to a prompt post-seizure hearing before a disinterested judge. This case is four years old and the Seventh Circuit has emphatically held that Defendants are denying car owners due process every time Defendants seize and impound a car. *Smith v. City of Chicago*, 524 F.3d 834, 836-38 (7th Cir. 2008). Thousands of cars have been impounded since this case was filed, but not once has the car owner had the opportunity for the prompt and meaningful post-seizure hearing that the Due Process Clause demands. Plaintiffs bring this motion to certify a Rule 23(b)(2) class to require the Defendants to allow property owners the opportunity for prompt post-seizure hearings on behalf of the class of persons: (a) who had or will have vehicles seized by Chicago police officers acting pursuant to DAFPA; (b) whose vehicles are or will be held for forfeiture pursuant to the DAFPA; and (c) who were not afforded reasonably prompt, post-deprivation hearings before a neutral decision maker.

2. Plaintiffs' Motion for Leave to File their Amended Complaint is pending and is subject to a briefing schedule so, at first blush, one might conclude that a class certification motion is premature. But it is not. See *Wiesmueller v. Kosobucki*, 513 F.3d 784, 786-87 (7th Cir., 2008); *Bertrand ex rel Bertrand v. Maram*, 495 F.3d 452, 455-56 (7th Cir. 2007); *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1988 (per curiam)).

3. In *Thomas v. City of Peoria*, 580 633, 635 (7th Cir., 2009), for example, the plaintiffs brought a putative class action suit under 42 U.S.C. 1983. "The district judge

dismissed the claims for failure to state a claim and having done so refused to certify" the class. *Id*. The Seventh Circuit disapproved and noted that, "First ruling on the merits of the federal claims, and then denying class certification on the basis of that ruling, puts the cart before the horse... ." *Id*. The correct approach is to rule on the merits of the class issue either first or concurrent with the ruling on the motion to dismiss. *Id*.

4. The case has an extensive procedural history, and the DAFPA, as applied by Defendants, raises an important procedural due process issue. For those reasons, Plaintiffs first will review the procedural history of the case, and then prove that they have a viable class that is entitled to declaratory and injunctive relief that is consistent with the holdings of the Supreme Court and the Seventh Circuit.

**ORIGINAL PROCEEDINGS IN DISTRICT COURT AND SEVENTH CIRCUIT**

5. The original Plaintiffs filed their Section 1983(42 U.S.C. 1983) Complaint on November 22, 2006, and the case was assigned to this Honorable Court. (Dist. Doc. No. 1, 11/22/06). Plaintiffs had standing to seek declaratory and injunctive relief, when the case was docketed. Plaintiffs alleged that they were entitled to a meaningful and prompt hearing following seizure and impoundment of their cars by Defendants. Plaintiffs also promptly sought class certification seeking injunctive relief (Dist. Doc. No. 31, 2/16/07).

6. Before discovery commenced, Defendants filed a Motion to Dismiss based on res judicata, collateral estoppel, and *Jones v. Takaki*, 38 F.3d 321 (7th Cir. 1994). ( Dist.

3

Doc. Nos., 28, 33). This Honorable Court dismissed based on *Jones* and then found the class issue was moot. (Dist. Doc. Nos. 38, 39, 2/22/07).

    7. The original Plaintiffs then filed a timely Notice of Appeal. The case proceeded to the Seventh Circuit, which reversed and overruled *Jones*. *Smith v. City of Chicago*, 524 F.3d 834, 836-38 (7th Cir. 2008). The Seventh Circuit explained that, "In short our fresh look at this issue causes us to conclude that given the length of time ... between the seizure of property and the opportunity for an owner to contest the seizure under DAFPA, some sort of mechanism to test the validity of the retention of the property is required." *Smith*, 524 F.3d at 538. Because *Smith* overruled *Jones*, the panel circulated its opinion among all active members of the Seventh Circuit, except judge Rovner, who did not participate. None of the active members of the Seventh Circuit voted to rehear the matter en banc. *Id.* Plaintiffs' claims were not moot when the Seventh Circuit issued its ruling.

    8. Following that ruling, Plaintiffs filed an Amended Motion for Class Certification seeking Rule 23(b)(3) certification of a class for damages as well as a 23(b)(2) class for declaratory and injunctive relief. (Dist. Doc. No. 49). Before this Honorable Court had an opportunity to rule on that motion, Alvarez filed a Petition for Certiorari and secured a stay of the proceedings from the Seventh Circuit. (Dist. Doc. No. 56).

## THE SUPREME COURT PROCEEDINGS

9. On December 8, 2009, the Supreme Court issued an opinion finding that the injunctive claims of the original Plaintiffs were now moot, because their property had been returned before oral argument commenced in the Supreme Court. *Alvarez v. Smith*, 130 S. Ct. 576 (2009). The Supreme Court therefore vacated the Seventh Circuit's judgment, citing *United States v. Munsingwear*, 340 U.S. 36 (1950), as precedent for the vacatur order. *Alvarez*, 130 S. Ct., at 578, 581-583. The Court did not order dismissal of the complaint with prejudice nor did the Court hold that a new case must be filed. Instead the Supreme Court noted that, "nothing in this opinion prevents the plaintiffs from bringing a claim for damages based on the conduct alleged in their complaint." *Alvarez*, 130 S. Ct., at 583. By so noting, the Court made clear its intention that the litigation between the parties would continue as part of these proceedings.

10. The Supreme Court did not address the merits of Plaintiffs' due process claim. Thus, neither Plaintiffs nor Defendants had the benefit of full and final review of the due process issue that is at the core of this case. Because none of the parties had the benefit of final review by the Supreme Court, the vacatur order issued by the Supreme Court necessarily was without prejudice to the rights of any of the parties. *Alvarez*, 130 S. Ct., at 581-82. That way, the rights of "all parties" are preserved and no party is prejudiced by a decision that was "only preliminary." *Alvarez*, 130 S. Ct. at 581, citing *Munsingwear*, 340 U.S. at 40. Considerations of "equity and fairness," *Alvarez*, 130 S.Ct. at 583 (quoting

5

*U.S. Bancorp Mortg. Co. V. Bonner Mall*, 513 U.S. 18, 25-26 (1994) (internal quotations omitted)), dictate that the parties start over, without prejudice, when final review is not possible through no fault of the parties themselves. *Id*.

**THE SEVENTH CIRCUIT PROCEEDINGS ON REMAND**

11. Following the Supreme Court's ruling, the case returned to the Seventh Circuit, and that Court promptly requested Rule 54 Statements from the parties. (App. Doc. No. 59, Jan. 11, 2010). In her Rule 54 statement (App. Doc. No. 60), Alvarez maintained that the Seventh Circuit should remand the case to this Honorable Court with instructions to dismiss with prejudice. (*Id*.). Plaintiffs maintained that a *Munsingwear* vacatur order means the dismissal is without prejudice. (App. Doc. No. 61). The Seventh Circuit agreed with Plaintiffs and issued an order remanding the case to this Honorable Court without prejudice to the rights or defenses of any of the parties. (App. Doc. No. 63).

12. Alvarez then filed a Petition for Rehearing in which she conceded that a *Munsingwear* vacatur order is without prejudice. (App. Doc. No. 66). Nonetheless, Alvarez insisted that no further proceedings could be held before this Honorable Court, apparently on the mistaken theory that *Jones* was still binding Seventh Circuit precedent. *But see United States v. 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) ("vacating a decision because of supervening mootness does not destroy its precedential effect."); *Commodity Futures Trading Commission v. Board of Trade*, 701 F.2d 653, 656-57 (7th Cir. 1987) (same). According to Alvarez, the Seventh Circuit's remand order flagrantly

6

violated the Supreme Court's opinion and therefore rehearing en banc was warranted. (App. Doc. No. 66).

13. Plaintiffs responded to the Petition for Rehearing on March 23, 2010. (App. Doc. No. 68). In their response Plaintiffs noted that: (a) the Supreme Court had specifically held that its ruling did not bar the named Plaintiffs from pursuing damage claims so the Supreme Court allowed for continuing the litigation between the parties; (b) dismissal based on mootness was without prejudice, which meant Plaintiffs were entitled to amend their Complaint to include new Plaintiffs who had standing to pursue injunctive relief; and (c) Alvarez was attempting to prevent litigation of the merits of the due process claim by insisting that no further proceeding could be held, even though the dismissal order was without prejudice to Plaintiffs' right to pursue damages and to amend the Complaint.

14. On April 4, 2010, the Seventh Circuit again agreed with Plaintiffs and denied the Petition for Rehearing. (App. Doc. No. 69). That Court then issued its mandate, and the case was returned to this Honorable Court's docket. (App. Doc. No. 71).

15. Alvarez, however, filed a Motion to Stay in the Seventh Circuit, once again claiming that the Court of Appeals had misapplied the Supreme Court's decision. (App. Doc. No. 70). In her motion, Alvarez re-asserted the arguments she had made in her Rule 54 Statement and in her Petition for Rehearing. (*Id*.). Alvarez persisted in her contention that dismissal of the proceedings must be with prejudice as to all potential claims.

Plaintiffs again responded by noting that the Seventh Circuit had not misconstrued or misapplied the Supreme Court's decision. (App. Doc. No. 72). Specifically, Plaintiffs noted that vacatur based on mootness is without prejudice. (*Id.*).

16. After reviewing Alvarez's third attempt (the Rule 54 Statement and the Petition for Rehearing were the first two attempts) to secure an order that barred Plaintiffs from continuing the litigation for damages and with new Plaintiffs seeking declaratory and injunctive relief, the Seventh Circuit for the third time rejected Alvarez's arguments. The Motion for Stay was denied, clearing the path for consideration of Plaintiffs' due process claims. (App. Doc. No. 73). The Seventh Circuit has addressed and has rejected on three separate occasions the same arguments that Alvarez apparently intends to make to this Honorable Court, thereby further delaying a ruling on the merits of the due process claim. Plaintiffs, however, are entitled to amend their Complaint and to seek declaratory and injunctive relief for a class with new Plaintiffs who have standing. F.R. Civ. P. 15. The Seventh Circuit has ruled and unless that ruling is stayed or reversed by the Supreme Court, the ruling is binding.

**PLAINTIFFS ARE ENTITLED TO CLASS CERTIFICATION**

17. Defendants annually seize and impound thousands of cars for forfeiture pursuant to the Illinois Drug Asset Forfeiture Procedure Act. (725 ILCS 150/1 et. seq., DAFPA).

18. Defendants' policy is to detain seized vehicles for months without providing the vehicle owner with an opportunity to be heard, promptly after the seizure, by a neutral and detached judge or hearing officer.

19. Plaintiffs Swanigan and Edwards bring this case as a class action seeking declaratory and injunctive relief on behalf of the class of persons: (a) who had, or will have, vehicles seized by Chicago police officers acting pursuant to DAFPA; (b) whose vehicles are, or will be, held for forfeiture pursuant to the DAFPA; and (c) who were not afforded reasonably prompt, post-deprivation hearings before a neutral decision maker.

20. This Court should certify this cause as an injunctive class action pursuant to Rule 23 (b)(2) of the Federal Rules of Civil Procedure. Five requirements must be satisfied in order for an action to be maintained as a (b)(2) injunctive class action: (1) the class must be sufficiently numerous/that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims of the representative parties must be typical of the claims of the class; (4) the representative parties must be capable of fairly and adequately representing the interests of the class; and (5) the parties opposing the class must have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. See *Allen v Int'l Truck & Engine Coopr.*, 358 F.3d 469, 470 (th Cir. 2004); *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977); Fed.R.Civ.P. 23(b)(2); see also *Drayton v. Western Auto Supply Co.*, 203 F.R.D. 520, 528 (M.D. Fla. 2001) (citing

*Dupree v. E.J. Brach & Sons, Div. Of American Home Products Corp.*, 77 F.R.D. 3, 7 (N.D. Ill. 1977) for the proposition that "because Rule 23(b)(2) was crafted in part to effectuate civil rights class actions, courts should construe the requirements of Rule 23 liberally in civil rights cases"). Here, each requirement is met.

21. First, the proposed class is sufficiently numerous that joinder of all members is impracticable. See *Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469, 471 (7th Cir. 2004) (ordering certification of a 23(b)(2) class consisting of 27 individuals bringing civil rights claims). There are thousands of class members who were, or will be, subjected to the alleged policy so the class is sufficiently large to satisfy the numerosity requirements of Rule 23(a).

22. Second, the commonality factor of Rule 23(a) is satisfied in that the core facts and the legal issues are the same for all class members. Every class member had, or will have, a vehicle seized and held for months, without an opportunity for a reasonably prompt hearing before a neutral decision maker.

23. Plaintiffs' claims arise from a common course of conduct followed by Defendants, and there is one question of law that governs all their claims- are Plaintiffs entitled to a reasonably prompt, post-deprivation hearings. Once that common issue of law is resolved, the only remaining issues, which are also common to all class members, are (a) when the hearings will be held and (b) the nature and scope of the hearings. See *Allen v. City of Chicago*, 828 F. Supp. 543, 551 (N.D. Ill. 1993) ("Where a common

question of law refers to standardized conduct by defendants toward members of a putative class, a common nucleus of operative fact is typically presented, and the commonality requirement is usually met.").

24. Third, Plaintiffs' claims are typical of all class claims in that they arise "from the same event or practice or course of conduct that gives arise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (internal quotations and citations omitted). Plaintiffs Swanigan and Edwards had vehicles seized by Chicago police officers and their property was detained for months by Defendants, without affording them an opportunity for a prompt, post-deprivation hearing.

25. Fourth, Plaintiffs will fairly and adequately protect the interests of the class. There are no conflicts between Swanigan, Edwards, and the other class members, and the attorneys for the class are experienced civil rights and class action litigators.

26. Fifth, the Defendants, by virtue of their policy of seizing and detaining privately owned vehicles for months without providing an opportunity for a hearing, have acted on grounds generally applicable to the class, thereby making final injunctive relief appropriate with respect to the class as a whole. See *Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469, 471 (7th Cir. 2004).

27. A class action is the most efficient procedure to resolve these claims.

28. Since Plaintiffs Swanigan and Edwards satisfy all the Rule 23 requirements, this Court should enter an order certifying this cause as a class action pursuant Rule 23(b)(2) of the Federal Rules of Civil Procedure.

Wherefore, Plaintiffs respectfully request that the Court enter an Order certifying this case as a 23(b)(2) class action for the class of persons: (a) who had, or will have, vehicles taken from them by Chicago police officers acting pursuant to DAFPA; (b) whose property is, or will be, held for forfeiture pursuant the DAFPA; and (c) who were not afforded reasonably prompt, post-deprivation hearings.

Respectfully Submitted,

s/ Thomas Peters
Thomas Peters
Mary DeSloover
Kevin Peters
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(312) 697-0022

s/ Craig B. Futterman
Craig B. Futterman
Mandel Legal Aid Clinic
University of Chicago Law School
6020 South University Avenue
Chicago, IL 60637
(773) 702-9611