# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6423 | **DATE** | 8/16/2010 |
| **CASE TITLE** | Smith, et al. Vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated in open court, plaintiffs' motion to file an amended complaint (65) is granted. Motion for leave to file sur-reply is terminated as moot. Defendants' responsive pleading will be due by 9/16/10. Depositions of class representatives shall be completed by 9/16/10. Responses to motion to certify class and any motion filed to dismiss will be due by 10/15/10; and any replies by 10/26/10. Target date for ruling by mail set for 11/29/10. Status hearing set for 12/10/10 at 9:30 a.m.

■[ For further details see text below.] Notices mailed by Judicial staff.

**STATEMENT**

.As I have stated, The Supreme Court's opinion in this case appears to require the Seventh Circuit to dismiss this case. The Seventh Circuit did not so interpret the Supreme Court's direction, interpreting, as I understand it, the Supreme Court's opinion to allow for the filing of an amended complaint that includes damages for several of the original plaintiffs and the addition of new plaintiffs who can pursue a class-wide injunction action. With respect to the damages claims of the original plaintiffs, I had reopened this case on July 2, 2008, following the issuance of the Seventh Circuit mandate reversing the original dismissal. At that time I entered the plaintiffs renewed motion to certify a class, which also stated that plaintiffs were seeking damages. On July 7, 2008, the Seventh Circuit recalled and stayed the mandate, following notification that defendants would seek certiorari in the U.S. Supreme Court. The Supreme Court noted that the case before it included only a complaint seeking declaratory and injunctive relief because I had not had the opportunity to rule on the motion seeking to add a damage claim (interpreting the motion for class certification which I entered during the short period of time the case was reopened in this court as such a claim), and that the individual plaintiffs' claims for declaratory and injunctive relief before it were moot, the vehicles and money at issue on those claims having been returned to plaintiffs. The Supreme Court ruled that "nothing in this opinion prevents the plaintiffs from bringing a claim for damages based on the conduct alleged in their complaint." 130 S. Ct. 576, 583. Since plaintiffs had already taken steps to do just that, as stated above, and as a practical matter can only do so in this case because any new case would be time-barred, this would seem the logical step but for the Supreme Court's additional statement, and direction, to the Court of Appeals that it was remanding the case with instructions to dismiss. Nevertheless, the Seventh Circuit, while vacating its judgment reversing my original dismissal, sent this case back to me "for consideration, or reconsideration, of issues that are not moot," 2010 WL 5100636 *22 (7th Cir. 2010), rather than dismissing the case, apparently interpreting the Supreme Court's instructions to require dismissal of the judgment only. I am bound to apply the law as interpreted by the Seventh Circuit. Since in the ordinary case, if in a class action a named plaintiff cannot represent a class, counsel are allowed to substitute other plaintiffs, and plaintiffs had pending a motion for class certification at the time I lost jurisdiction of this case a second time, I will interpret the Seventh Circuit's remand order to allow the filing of an amended complaint substituting new plaintiffs on an injunction and declaratory claim as well.

| | Courtroom Deputy Initials: | MPJ |