FILED
AUGUST 16, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| CHERMANE SMITH, EDMANUEL PEREZ, TYHESHA BRUNSTON, MARIA VILLASENOR, MARK EDWARDS, and LATOYA SWANIGAN, individually and on behalf of a class of similarly situated persons, <br>          Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO; JODY WEIS, Superintendent of Police; and ANITA ALVAREZ, Cook County States Attorney; <br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 06 C 6423 <br> ) <br> ) <br> ) <br> ) Honorable Judge Elaine <br> ) Bucklo, Presiding. <br> ) |

_____

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs by and through their attorneys, Thomas Peters, Craig Futterman, Mary DeSloover, and Kevin Peters, state:

### INTRODUCTION

1. This is a civil rights class action lawsuit that is brought pursuant to 42 U.S.C. Sec. 1983, 28 U.S.C. Sec 2201 *et seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek injunctive and declaratory relief to enjoin the City of Chicago, Police Superintendent Jody Weis, and the Cook County State's Attorney from their unconstitutional policy of seizing and impounding private vehicles for

1

forfeiture pursuant to the Illinois Drug Asset Forfeiture Procedure Act (DAFPA) 725 ILCS 150, without providing property owners with an opportunity for a prompt, interim post-seizure hearing before a disinterested judge. Defendants have powerful financial interests in seizing and retaining private property, yet they fail to provide private property owners with an opportunity for an interim hearing before an objective decision maker. Defendants' policy flagrantly disregards the Plaintiffs' Fourth Amendment right to be free of unreasonable seizures of their property and Plaintiffs' Fourteenth Amendment right not to be deprived of their property without due process of law.

## JURISDICTION AND VENUE

2. This is a civil action arising under 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 2201 *et seq.* and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. Secs. 1331 and 1343. Venue in this Court is proper pursuant to 28 U.S.C. Sec. 1391(b) because all Defendants reside in the District and all of the acts alleged herein occurred in this District.

## PARTIES

3. Plaintiff Maria Villasenor is an Illinois citizen and a resident in this District. On or about October 20, 2009, Chicago police officers seized Plaintiff Villasenor's 2003 Honda Civic from 9128 S. Trumbull, Oak Lawn, Illinois. The officers did not have a warrant to seize that car. On or about October 26, 2009, Plaintiff Villasenor's 2003 Chevrolet Impala was also seized from 9128 S. Trumbull, Oak Lawn, Illinois by Chicago

police officers who did not have a warrant to seize Plaintiff's car. Plaintiff was not charged with a criminal offense on October 20, 2009, nor on October 26, 2009.

  4. Plaintiff Villasenor's vehicles remained in the custody of the Chicago Police Department until on or about April 2, 2010, and her vehicles were detained pursuant to a joint policy of the Defendants, City of Chicago, Weis, and Alvarez.

  5. Defendants denied Plaintiff Villasenor the opportunity for a prompt, interim hearing before a neutral decision maker to determine whether probable cause existed to detain her property or whether the property should have been returned pending the final forfeiture trial. The Defendants also denied the Plaintiff the opportunity to post a bond for the return of her property.

  6. Plaintiff Mark Edwards is an Illinois citizen and a resident in this District. On or about January 12, 2010, Chicago police officers, acting without a warrant, seized Plaintiff's 1998 Cadillac.

  7. Plaintiff Edwards's vehicle is still in the custody of the Chicago Police department, and his vehicle is being detained pursuant to a joint policy of the Defendants, City of Chicago, Weis, and Alvarez.

  8. Defendants have denied Plaintiff Edwards the opportunity for a prompt, interim hearing before a neutral decision maker to determine whether probable cause exists to continue to detain his property or whether the property should be returned pending the final forfeiture trial. The Defendants have also denied the Plaintiff the opportunity to post a bond for the return of his property.

9. Plaintiff Latoya Swanigan is an Illinois citizen and a resident in this District. On or about April 17, 2010 Plaintiff Swanigan's 1997 GMC truck was seized from approximately 87th Street and the Dan Ryan Expressway, Chicago, Illinois, by Chicago police officers who did not have a warrant to seize Plaintiff's vehicle. Plaintiff was not charged with a criminal offense on April 17, 2010.

10. Plaintiff Swanigan's vehicle remains in the custody of the Chicago Police Department and it is being held pursuant to a joint policy of the Defendants City of Chicago, Weis, and Alvarez.

11. Defendants have denied Plaintiff Swanigan the opportunity for a prompt interim hearing before a neutral decision maker to determine probable cause exists to continue to detain her property or whether the property should be returned pending the final forfeiture trial. The Defendants have also denied Plaintiff Swanigan the opportunity to post a bond for the return of her property.

12. Plaintiff Chermane Smith is an Illinois citizen and a resident in this District. On or about January 19, 2006, Plaintiff's 1981 Chevrolet Caprice was seized by Chicago police officers and detained by the Defendants for approximately two years pursuant to Defendants' joint policy.

13. Ms. Smith was not charged with a criminal offense when her car was seized, and Defendants did not hold a prompt, post-seizure hearing, before a disinterested decision maker.

14. Plaintiff Edmanuel Perez is an Illinois citizen and a resident in this District. On or about March 8, 2006, Mr. Perez's 1999 Chevrolet Malibu was seized by Chicago police officers and detained by the Defendants for approximately eighteen months pursuant to Defendants' joint policy.

15. Mr. Perez was not charged with a criminal offense when his vehicle was seized, and Defendants did not hold a prompt hearing before a disinterested decision maker.

16. Plaintiff Tyhesha Brunston is an Illinois citizen and a resident in this District. On or about April 8, 2006, Ms. Brunston's 2004 Chevrolet Impala was seized by Chicago police officers and detained by the Defendants for approximately three years pursuant to Defendants' joint policy.

17. Ms. Brunston was not charged with a criminal offense when her vehicle was seized, and Defendants did not hold a prompt hearing before a disinterested decision maker.

18. Jody Weis is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers pursuant to the DAFPA. He is sued in his official capacity.

19. The City of Chicago is an Illinois municipal corporation located within the Northern District of Illinois and is the employer of Defendant Weis.

20. Anita Alvarez is the Cook County State's Attorney and in that capacity she sets and implements the policies of that agency, as they relate to property that is subject to forfeiture under the DAFPA. She is sued in her official capacity.

### THE FORFEITURE SYSTEM AS APPLIED BY DEFENDANTS.

21. Under Illinois law, as applied and enforced by the Defendants (City of Chicago, Weis, and Alvarez) acting in conjunction with each other, a person from whom a vehicle is seized is not afforded a prompt judicial or administrative hearing before a neutral and independent decision maker.

22. DAFPA forfeiture proceeds add millions of dollars annually to the Defendants' budgetary coffers. Under DAFPA, the Chicago Police Department retains 65 percent of forfeited funds from the property it seized; the Cook County State's Attorney as the prosecutor retains 25% of the proceeds seized by the Chicago Police Department. In 2008, the Chicago Police Department netted more than $13.5 million dollars in cash from asset forfeitures, a $7 million dollar increase from the previous year.[1]

23. The City of Chicago and Superintendent Weis are allotted 52 days following the seizure of a vehicle to decide whether the City intends to recommend that the State's Attorney (Alvarez) seek forfeiture of the seized property. 725 ILCS 150/5.

---

[1]Press Release, Chicago Police Dep't, *Chicago Committed to Reducing Violent Crime and Strengthening Community Partnerships in 2009* (Jan. 16, 2009), *available at* http://www.chicagopolice.org/MailingList/PressAttachment/2008crimestats.pdf.

24. During those 52 days, it is the policy and practice of the City and Weis, acting in accordance with their joint policy with Defendant Alvarez, to refuse to return the seized property upon demand by the vehicle owner.

25. During those first 52 days, it also is the policy and practice of the Defendants (City, Weis, and Alvarez) to prevent any form of independent review of probable cause to detain the seized vehicle or to determine whether the hardship suffered by the vehicle owner so outweighs the need for continued detention that the vehicle should be returned to the owner pending a final forfeiture trial.

26. These Defendants prevent such independent review because they have substantial financial interests in detaining as much seized property as possible.

27. These Defendants prevent independent, timely post-seizure review that could result in the temporary return of the vehicle to the owner pending the final forfeiture trial, even though the DAFPA allows the Defendants to hold interim hearings that would allow for temporary release of seized vehicles pending the final forfeiture trial. 725 ILCS 150\2.

28. Following the City's 52 allotted days, Alvarez and the Cook County State's Attorney's office have an additional 45 days to review the forfeiture recommendation of the Chicago Police Department. 725 ILCS 150/6(A).

29. During those 45 days, it is the policy and practice of Alvarez to refuse to return the seized vehicle upon demand by the owner. During those 45 days, it is the policy and practice of Alvarez, working in conjunction with Weis and the City of

7

Chicago, to deny any form of timely, independent review of probable cause to detain the seized vehicle. Nor does Alvarez allow for timely, independent review to determine whether the hardship to the owner resulting from continued to detention outweighs the Defendants' need to detain the vehicle pending a final forfeiture trial.

30. When the Cook County State's Attorney's office decides to seek forfeiture, notice is mailed to the last known address of the vehicle owner. To initiate judicial forfeiture review, the property owner must file a written claim and post bond within 45 days of that notice. 725 ILCS 150/6(C)(1).

31. After the property owner posts the cost bond, Defendant Alvarez has another forty-five days to institute judicial forfeiture proceedings. The bond does not result in the release of the vehicle. Instead the bond is treated like a file fee.

32. These benchmark steps allow 187 days (52+45+45+45) to elapse between the initial seizure and the filing of a forfeiture complaint.

33. After the filing of a forfeiture complaint the forfeiture may be continued beyond 60 days "for good cause." 725 ILCS 150/9(F).

34. Pursuant to the policies and practices described above, the Defendants seized Plaintiff Villasenor's vehicles without a warrant and then detained her vehicles without providing her with a prompt, post-seizure hearing before a disinterested and neutral decision maker.

35. Plaintiff Villasenor's vehicles remained in the custody of Defendants City of Chicago, Weis, and Alvarez, until on or about April 2, 2010, pursuant to the policies and practices described above.

36. Pursuant to the policies and practices described above, the Defendants seized Plaintiff Edwards's vehicle without a warrant and then detained his vehicle without providing him with a prompt, post-seizure hearing before a disinterested and neutral decision maker.

37. Plaintiff Edwards's vehicle remains in the custody of Defendants City of Chicago, Weis, and Alvarez, pursuant to the policies and practices described above.

38. Plaintiff Swanigan's vehicle remains in the custody of Defendants City of Chicago, Weis, and Alvarez pursuant to the policies and practices described above.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs (Villasenor, Edwards, and Swanigan) bring this action on their own behalf and on behalf of all persons: (a) who had or will have vehicles taken from them by Chicago police officers acting pursuant to DAFPA; (b) whose vehicle are or will be held for forfeiture; and (c) who were not or will not be afforded a reasonably prompt, post-deprivation hearing before a neutral decision maker. This case may be maintained as a class action under Rules 23(b)(2) of the Federal Rules of Civil Procedure.

40. The class is so numerous that joinder of all members is impracticable. There are thousands of class members who were, or will be, subjected to the Defendants'

unconstitutional policy, so the class is sufficiently large to satisfy the numerosity of requirements of Rule 23(a).

41. There are questions of law or fact common to the class. Every class member had or will have a vehicle seized by Chicago police officers and held by the Defendants for months, without an opportunity for a reasonably prompt hearing before a neutral decision maker to test probable cause, post bond or seek the temporary return of his or her vehicle pending a final forfeiture trial.

42. Plaintiffs' (Villasenor, Edwards, and Swanigan) claims arise from a common course of conduct followed by Defendants, and there is a single question of law that governs the claim of every member of the class– does the Constitution require a prompt, neutral check against self-interested government decisions that result in the deprivation of private property (vehicles) for months at a time.

43. Plaintiffs' (Villasenor, Edwards, and Swanigan) claims are typical of the class. Chicago police officers seized Plaintiffs' vehicle without a warrant, and the Defendants deprived them of their property for months without affording them a prompt, post-deprivation hearing before a neutral decision maker.

44. Plaintiffs (Villasenor, Edwards, and Swanigan) will fairly and adequately protect the interests of the class. There are no conflicts between Plaintiffs and the other class members, and Plaintiffs have retained counsel who are experienced in civil rights and class action litigation.

45. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

## COUNT I: CLASS CLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF

46. Plaintiffs (Villasenor, Edwards, and Swanigan) repeat and reallege all prior paragraphs as if fully set forth herein.

47. Count I is a Section 1983 civil rights class action claim for injunctive and declaratory relief brought by Plaintiffs (Villasenor, Edwards, and Swanigan) on behalf of their selves and the class of persons described above, and against Defendants (Weis, City of Chicago, and Alvarez), for Defendants' violations of the Fourth and Fourteenth Amendments to the United States Constitution.

48. These Defendants violated Plaintiffs' (Villasenor, Edwards, and Swanigan) right to be free from unreasonable seizures of property, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. These Defendants also violated Plaintiffs' (Villasenor, Edwards, and Swanigan) and the class's, right not to be deprived of property without due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

49. As a direct and proximate result of the Defendants' unlawful conduct, Defendants deprived and continues to deprive Villasenor, Edwards and Swanigan, as well as the class they purport to represent, of their constitutional rights.

50. Defendants' actions were intentional, willful, and exhibited a conscious disregard or reckless indifference to the rights of Villasenor, Edwards, and Swanigan, as well as the class they purport to represent.

51. Villasenor, Edwards, Swanigan, and the class they purport to represent, have no adequate remedy at law, and will suffer irreparable harm if an injunction is not entered against Defendants from violating the rights of Plaintiffs and the class. The balance of harms between the parties favors entering injunctive relief, and an injunction in this case would serve the public interest.

## CLASS PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Villasenor, Edwards, and Swanigan, on their own behalf and on behalf of a class of similarly situated persons, prays that this Court:

(a) Certify this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure;

(b) Declare that Plaintiffs and the class have a due process right to a prompt, post-seizure hearing before a neutral decision maker;

(c) Declare that the Plaintiffs and the class have a right to prompt independent review of the detention of their vehicles and that the independent review should precede the forfeiture trial;

(d) Enjoin Defendants' current practice and policy of seizing property and retaining custody for months without prompt, independent review pending the forfeiture trial;

(e) Award Plaintiffs costs and reasonable attorneys' fees; and

(f) Grant such further and additional relief as this Court may deem just and proper.

## COUNT II - INDIVIDUAL CLAIMS FOR MONEY DAMAGES

52. Plaintiffs repeat and reallege all prior paragraphs as if fully set forth herein.

53. Count II is a Section 1983 civil rights claim for money damages brought by Plaintiffs Villasenor, Edwards, Swanigan, Smith, Brunston, and Perez against Defendants City of Chicago and Alvarez for the Defendants' violations of the Fourth and Fourteenth Amendments to the United States Constitution.

54. Defendants, City of Chicago, Weis, and Alvarez violated the Plaintiffs' right to be free of unreasonable seizures of property as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and their right not to be deprived of their property without due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

55. As a direct and proximate result of the Defendants' unlawful conduct, Defendants deprived Plaintiffs of their property without due process, resulting in economic and emotional injuries, associated with the loss of use of their vehicles.

56. The Defendants' actions were intentional, willful, and exhibited a conscious disregard or reckless indifference to the rights of the Plaintiffs.

## INDIVIDUAL PRAYER FOR MONEY DAMAGES

WHEREFORE, Plaintiffs pray the Court:

(a) Award judgment against Defendants City of Chicago and Alvarez, jointly and severally, for actual compensatory damages in an amount to be determined at trial; and

(b) Award costs and attorneys' fees.

Respectfully submitted,


 s/ Thomas Peters
Thomas Peters
Kevin Peters
Mary DeSloover
407 S. Dearborn, Suite 1675
Chicago, IL 60605


 s/ Craig B. Futterman
Craig B. Futterman
Mandel Legal Aid Clinic
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611