# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6423 | **DATE** | 3/30/2011 |
| **CASE TITLE** | Smith vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Status hearing held and continued to 6/8/11 at 9:30 a.m. Plaintiffs' motion for class certification (69) is granted. Motion by Alvarez to dismiss (132) is granted. Defendant City of Chicago's motion to dismiss (129) is denied. See Minute Order for details.

■[ For further details see text below.]  Notices mailed by Judicial staff.

00:10

# STATEMENT

     Various motions are before the court. Defendants seek dismissal of count 1 of plaintiffs' amended complaint, which seeks injunctive relief, on the ground that the newly added plaintiffs' claims, like those of the original plaintiffs', are moot. Plaintiffs admit that Edwards' vehicle was returned to him and that he no longer has an individual claim for injunctive relief. Plaintiffs conceded the additional new plaintiffs' claims could not survive a motion to dismiss.

     Defendants argue that the corresponding class certification motion on this claim must therefore be denied but here plaintiffs disagree, arguing that Edwards' claim is the exception to the rule that once a plaintiff's claim is moot, he cannot represent an yet uncertified class. Plaintiffs say this case should be governed by the "inherently transitory" exception, under which if there is "a constant class of persons suffering the deprivation complained of in the complaint," *Olson v. Brown,* 594 F.3d 577, 583 (7th Cir. 2010), citing *Gerstein v. Pugh,* 420 U.S. 103, 110, but there is unlikely to be any claim that survives long enough for a court to grant class certification, mootness of an individual claim does not moot a class claim. In this case, Edwards' car was seized on January 12, 2010. He filed his motion for class certification on May 17, 2010, 23 days after the Seventh Circuit issued its mandate remanding this case to this court. On May 28, 2010, the city initiated a forfeiture action against his vehicle. The vehicle was released on August 24, 2010. Defendants argue that the inherently transitory doctrine has no applicability here because plaintiff could have obtained a decision on class certification before his car was released. However, defendants obtained an extension of time to respond to the motion, on June 2, 2010, and sought discovery of the new plaintiffs, arguing as well that the motion for class certification was "premature", and that they needed to investigate the new plaintiffs. Defendants did not file their response to the motion for class certification until October 29, 2010, so even if other motions filed by defendants and plaintiffs' need to file a reply had not held up a decision, the motion for class certification could not have been decided before Edwards' claim for injunctive

relief became moot. In view of the fact that defendants continue to utilize the same procedure that the Seventh Circuit found unconstitutional in 2008, defendants cannot argue that there is not a "constant class of persons suffering the deprivation complained of in the complaint." Defendants also argue that a class should not be certified because the Seventh Circuit in the appeal of this case did not overrule the holding in *Jones v. Takai,* 38 F.3d 321 (7th Cir. 1994), that upheld the denial of class certification. But the Seventh Circuit's decision in this case, which followed the reasoning in the Second Circuit's decision in *Krimstock v. Kelly,* 306 F.3d 40 (2d Cir. 2002), clearly invalidates the basis for that holding, and if, as the court held, some sort of prompt hearing is necessary following seizure of any vehicle, it makes no difference that one person's vehicle may be released in 50 days (in Jones' case) or not for a year or more. There was and is no procedure available to force the state's attorney to even initiate forfeiture proceedings within a period that the court found constitutionally acceptable.

Defendants also argue that because the criminal proceeding against Edwards was dismissed when a court granted his motion to suppress and because he does not have sufficient knowledge to bring this case himself, he is not an adequate class representative. For the reason stated above, the fact that a criminal proceeding was brought against Edwards and ultimately resolved in his favor does not make his claim atypical. Edwards did not have any prompt method of either forcing defendants to initiate a forfeiture proceeding (one was not begun until after he filed his motion for class certification in this case), reclaiming his vehicle through the posting of a bond, or otherwise obtaining the prompt hearing that the Seventh Circuit found necessary whenever a vehicle is seized. Furthermore, although his car was seized on January 12, 2010, the docket attached to defendants' response indicates his criminal case was not assigned to a judge until February 26, 2010. Edwards filed his motion to suppress within 30 days thereafter. Defendants did not initiate a forfeiture procedure until late May. Defendants do not argue, and could not, that Edwards' limited knowledge of the law will inhibit his competent attorneys from prosecuting this case on behalf of a class of persons who had, or will have, vehicles taken from them by Chicago police officers acting pursuant to DAFPA; whose property is, or will be, held for forfeiture pursuant to DAFPA; and who were not afforded reasonably prompt, post-deprivation hearings, as contemplated by the Court of Appeals in its prior opinion in this case. 524 F.3d 834 (7th Cir. 2008).

Thus, the class, as defined above, should be certified unless it is contrary to the Supreme Court's decision in this case. The plaintiffs before the Supreme Court were, as individuals, in the same position as Edwards. The Court considered and rejected the exception to the mootness principle that allows cases to continue if a practice is "capable of repetition" but evades review. *Alvarez v. Smith*, 130 S. Ct. 576, 581 (2009). The Court did not discuss the "inherently transitory" exception raised here. Furthermore, unlike the present situation, at the time the Supreme Court found that the claims of the individual plaintiffs before it were moot, there was not a pending class certification motion. *Compare Olson v. Brown,* 594 F.3d at 582-83. I conclude that because the "inherently transitory" exception is applicable to the facts of this case, and it was not specifically rejected by the Court, the class should be certified.

The remaining issues raised by the motion to dismiss are easily dealt with. Plaintiffs concede that Alvarez should be dismissed from their claim for money damages. Defendants' argument that the money damages should be dismissed pursuant to *Jones* cannot be sustained since the Seventh Circuit has made it clear in this case that it has rejected the reasoning of *Jones.* The City's argument that plaintiffs' *Monell* claim should be dismissed because it is just following state law was also rejected by the Seventh Circuit in its opinion in this case. And the City, while complaining that the amended complaint is unclear as to what *Monell* theory the plaintiffs are pursuing, then agrees that the allegations are that "multiple vehicles were seized according to an alleged 'policy,' " (Reply Brief at 8)[1]

|**STATEMENT**|
|---|
| |

1. Alvarez raised additional objections to the *Monell* claim but since I have granted her motion to dismiss, and the other defendants did not seek to join her arguments, they need not be considered. None appears to have merit at any rate.