FILED
JUN 2 1 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERMANE SMITH, *et al.*, | No. 06 C 6423 |
| *Plaintiffs*, | Judge Elaine E. Bucklo |
| vs. | Magistrate Judge Jeffrey Cole |
| CITY OF CHICAGO, *et al.*, | |
| *Defendants*. | |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiffs Tyhesha Brunston, Mark Edwards, Edmanuel Perez, Chermane Smith, Latoya Swanigan, and Maria Villasenor, (collectively "Plaintiffs"), individually by their attorneys, Craig B. Futterman, Kevin Peters, Mary DeSloover, and Jonathan Brayman, and the Defendants the City of Chicago and Jody Weis in his capacity as former Superintendent of the Chicago Police Department ("CPD") (the City of Chicago, Weis and CPD are collectively referred to herein as "Defendants"), by their attorneys, Allan T. Slagel and Heather Jackson, herein stipulate and agree to the following:

1. This action has been brought by the Plaintiffs and others against the Defendants and Anita Alvarez, in her official capacity as Cook County State's Attorney, and makes certain allegations contained in Plaintiffs' Complaint, Amended Complaint, and Second Amended Complaint (collectively, the "Complaints").

2. Defendants deny each and every allegation of wrongdoing as alleged in the Complaints, and, further, deny liability.

3. The parties and their respective attorneys acknowledge that settlement of Plaintiffs' claims is not an admission of liability, or of unconstitutional or illegal conduct by or

on the part of any Defendant and/or the City of Chicago's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, the Plaintiffs agree to dismiss with prejudice all of their individual claims for damages against the Defendants, with each side bearing its own costs and attorneys' fees. All parties understand and agree that plaintiff Bernice Daniels shall enter into a separate settlement agreement with Defendants in connection with her claims for monetary damages on behalf of herself, and injunctive and declaratory relief on behalf of herself and the class certified in this case. Additionally, neither the Plaintiffs nor the certified injunctive class release by virtue of this agreement any claims whatsoever against the Cook County State's Attorney.

5. Plaintiffs Chermane Smith, Edmanuel Perez, and Tyhesha Brunston each accepts an individual settlement from Defendants in the amount of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS per Plaintiff, with each side bearing its own costs and attorneys' fees in exchange for the release of all claims set forth in Paragraph 8 below. Plaintiffs Mark Edward and Maria Villasenor each accept an individual settlement from Defendants in the amount of TWO THOUSAND FIVE HUNDRED AND NO/100 ($2,500.00) DOLLARS per Plaintiff, with each side bearing its own costs and attorneys' fees in exchange for the release of all claims set forth in Paragraph 8 below. Plaintiff Latoya Swanigan accepts an individual settlement from Defendants in the amount of ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS, with each side bearing its own costs and attorneys' fees in exchange for the release of all claims set forth in

Paragraph 8 below. The total amount of money due to Plaintiffs in this settlement from the City of Chicago is TWENTY-ONE THOUSAND AND NO/100 ($21,000.00) DOLLARS in exchange for the release of all claims set forth in Paragraph 8 below.

6. The City of Chicago agrees to pay each Plaintiff the settlement amounts described above within the latter of the following: (a) sixty (60) days after receipt by Counsel's office of a file-stamped copy of the Agreed Order of Dismissal; or (b) sixty (60) days after final approval of the Stipulation and Agreement of Settlement of Class Claims, which the Defendants and Class (as those terms are defined in the Stipulation and Agreement of Settlement of Class Claims) are contemporaneously filing with the Court for preliminary and final approval. This sum shall be payable solely by the City of Chicago, and Plaintiffs and/or their attorneys agree that they will not seek payment from any source other than the City of Chicago. The settlement checks will be made payable to each Plaintiff and the undersigned attorney.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiffs agree to indemnify and hold harmless Defendants and their future, current, or former officers, agents and employees, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiffs under this settlement entered pursuant to this Release and Settlement Agreement.

8. Plaintiffs, upon advice of counsel, understand and agree that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, Plaintiffs do hereby release and forever discharge on behalf of themselves and their heirs, executors, administrators and assigns, all individual claims for damages they had or have against Defendants, including

any claim for attorneys' fees under any statute or common law, as well as Defendants' future, current or former officers, agents and employees, arising either directly or indirectly out of the seizures of Plaintiffs' vehicles by members of the Chicago Police Department, the process and procedures provided by the Defendants for challenging the seizure or detention of their vehicle, the imposition of towing or storage costs and/or administrative fines, or any other related process or action, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

      9.     This Release and Settlement Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of plaintiffs' damage claims in this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

      10.     This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

      11.     In entering into this Release and Settlement Agreement, Plaintiffs represent that they have relied upon the advice of their attorney, who is the attorney of their own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to them by their attorney, and that those terms are fully understood and voluntarily accepted by plaintiffs. Plaintiffs also represent and warrant that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that they and their attorney have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned,

transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

|  |  |
|---|---|
| | By: /s/Craig B. Futterman |
| Craig B. Futterman | One of the Attorneys for Plaintiffs **TYHESHA** |
| Mandel Legal Aid Clinic | **BRUNSTON, MARK EDWARDS, EDMANUEL** |
| 6020 South University Avenue | **PEREZ, CHERMANE SMITH, LATOYA** |
| Chicago, Illinois 60637 | **SWANIGAN, AND MARIA VILLASENOR** |
| | Attorney No. 6206936 |
| Kevin Peters | Date: June 14, 2012 |
| Mary DeSloover | |
| Law Office of Mary DeSloover | |
| 53 W. Jackson | |
| Suite 1615 | |
| Chicago, Illinois 60604 | |

Jonathan Brayman
Formerly of Law Offices of Thomas Peters
Breen Pugh and Associates
53 W. Jackson Boulevard, Suite 1460
Chicago, IL 60604

|  |  |
|---|---|
| | By: /s/Allan T. Slagel |
| Allan T. Slagel | One of the Attorneys for Defendants |
| Heather A. Jackson | **CITY OF CHICAGO and JODY WEIS, FORMER** |
| Shefsky & Froelich Ltd. | **SUPERINTENDENT OF THE CHICAGO POLICE** |
| 111 East Wacker Drive | **DEPARTMENT** |
| Suite 2800 | Attorney No. 6198470 |
| Chicago, Illinois 60601 | Date: June 14, 2012 |

1205116_3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHERMANE SMITH, *et al.*, | | |
| *Plaintiffs,* | | No. 06 C 6423 |
| *vs.* | | Judge Elaine E. Bucklo |
| CITY OF CHICAGO, *et al.*, | | Magistrate Judge Jeffrey Cole |
| *Defendants.* | | |

### STIPULATION TO DISMISS

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by their respective attorneys of record, that the plaintiffs' individual claims for damages have been settled pursuant to the Release and Settlement Agreement filed herewith and, therefore, the plaintiffs' individual claims for damages in this cause should be dismissed with prejudice and with each party bearing its own costs and attorneys' fees in accordance with the terms of the Release and Settlement Agreement and the Agreed Order of Dismissal. The Court retains jurisdiction over the claims asserted by plaintiff Bernice Daniels, individually and on behalf of the certified class that she represents.

Respectfully submitted,

By: /s/Craig B. Futterman
One of the Attorneys for Plaintiffs TYHESHA
BRUNSTON, MARK EDWARDS, EDMANUEL
PEREZ, CHERMANE SMITH, LATOYA
SWANIGAN, AND MARIA VILLASENOR
Attorney No. 6206936
Date: June 14, 2012

Craig B. Futterman
Mandel Legal Aid Clinic
6020 South University Avenue
Chicago, Illinois 60637
(773) 702-9611

Kevin Peters
Mary DeSloover
Law Offices of Mary DeSloover
53 W. Jackson
Suite 1615
Chicago, Illinois 60604
(312) 697-0022

Jonathan Brayman
Formerly of Law Offices of Thomas Peters
Breen Pugh and Associates
53 W. Jackson Boulevard, Suite 1460
Chicago, IL 60604
(312) 360-1001

| | By: /s/ Allan T. Slagel |
|---|---|
| Allan T. Slagel | One of the Attorneys for Defendants |
| Heather A. Jackson | **CITY OF CHICAGO and JODY WEIS, FORMER** |
| Shefsky & Froelich Ltd. | **SUPERINTENDENT OF THE CHICAGO POLICE** |
| 111 East Wacker Drive | **DEPARTMENT** |
| Suite 2800 | Attorney No. 6198470 |
| Chicago, Illinois 60601 | Date: June 14, 2012 |
| (312) 527-4000 | |

1205116_4