IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERMANE SMITH, *et al.*, | |
| *Plaintiffs,* | No. 06 C 6423 |
| *vs.* | Judge Elaine E. Bucklo |
| CITY OF CHICAGO, *et al.*, | Magistrate Judge Jeffrey Cole |
| *Defendants.* | |

**PLAINTIFFS' AGREED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENTS**

Plaintiff Bernice Daniels, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through counsel, hereby requests final approval of two proposed class action settlements (the "Settlements"): the first with the City of Chicago and former Chicago Police Department Superintendent Weis ("City Defendants"), and the second with Cook County State's Attorney Anita Alvarez ("State's Attorney"). In support, Plaintiffs respectfully state as follows:

**INTRODUCTION**

1. Plaintiffs brought this Rule 23(b)(2) class action case seeking prompt post-seizure hearings before a neutral decision-maker when their cars were seized by the Chicago police for potential forfeiture pursuant to the Illinois Drug Asset Forfeiture Procedure Act, 725 ILCS 150 *et seq.* ("DAFPA"). After six years of hard-fought litigation, these Settlements provide every Class Member with the opportunity for prompt post-seizure hearings.[1] The litigation included contested class certification proceedings, detailed discovery, the reversal of Seventh Circuit

---

[1] The proposed settlements resolve constitutional disputes that date back at least 20 years. *See, e.g.*, *Jones v. Takaki*, 832 F. Supp. 1224 (N.D. Ill. 1993), *aff'd* 38 F.3d 321 (7th Cir. 1994).

1

precedent, arguments before the United States Supreme Court, statutory changes to Illinois legislation, and arms-length settlement negotiations supervised by Magistrate Judge Cole. Through these negotiations, the parties ultimately reached fair, reasonable, and adequate settlements, which were preliminarily approved by this Court. These Settlements reform a process in which Defendants had up to six months after seizing private vehicles before providing Class Members with an opportunity for a hearing in which they could seek the return of their cars. Full judicial review of vehicle seizure and forfeiture was frequently not available until a year or more following seizure. In contrast, the Settlements, along with related statutory changes, provide Class Members with probable cause hearings before a judge within fourteen (14) days of seizure, and the opportunity for a second hearing within seven (7) days of the probable cause determination in which owners of seized vehicles can seek the release of their cars upon a showing of substantial hardship. The proposed Settlements have been met with enthusiastic approval by each of the named Plaintiffs. No Class Member has raised any objection to the Settlements. For the reasons that follow, the Settlements are fair, adequate, and reasonable, and in the best interest of the Class.

**I.  THE PROPOSED SETTLEMENTS**

2.  Plaintiff Bernice Daniels represents a class of persons certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure "(a) who had or will have vehicles seized by Chicago police officers acting pursuant to DAFPA; (b) whose vehicles are or will be held for forfeiture pursuant to the DAFPA; and (c) who were not afforded reasonably prompt, post-deprivation hearings before a neutral decision maker." (Docket Nos. 69, 175, 176).

3.  Plaintiffs brought this case seeking prompt post-seizure hearings before a neutral decision maker, and the proposed Settlements, together with the statutory amendments, provide

those hearings. The proposed Settlements reform Defendants' forfeiture policies and practices to provide Class Members with the opportunity for prompt post-seizure hearings before a judge in accordance with DAFPA, as amended.

      **A.**     **Settlement with the City Defendants**

      4.     Plaintiffs and the City Defendants executed a Stipulation and Agreement of Settlement (attached as Ex. 1) on June 14, 2012. On June 22, 2012, the Court gave preliminary approval of the Settlement "as appearing to be within the range of fairness, reasonableness, and adequacy." Ex. 2, Preliminary Approval Order (City) ¶2.

      5.     Under the Settlement:

- CPD officers provide written notice to the driver of the vehicle at the time of seizure;
- The City mails a second written notice to each owner of record within one (1) business day of seizure;
- The two-part notice regime outlines the rights of a vehicle owner in the case of seizure under DAFPA;
- The notices, attached as Exhibits 3 and 4, have been improved to make accessible the information Class Members need to exercise their rights;
- The CPD must refer vehicles for forfeiture to the State's Attorney in sufficient time to allow for probable cause hearings within fourteen (14) days of seizure;
- If the CPD determines that a vehicle should be sent to the State's Attorney for DAFPA forfeiture, the CPD must ensure that all necessary information and paperwork regarding the seizure of vehicles to establish probable cause to seize the vehicle pursuant to DAFPA is transmitted to the State's Attorney within five (5) business days of the seizure of the vehicle; and

3

- If the City does not refer a vehicle to the State's Attorney for forfeiture within five (5) business days of seizure, it may not seek to forfeit the vehicle.

Ex. 1, Settlement with City Defendants, Section 4.1.

6. In addition, the City Defendants have agreed to pay Class Counsel $200,000.00 as their fair share of Plaintiffs' reasonable attorneys' fees and costs. *Id*. at Section 12.1.

**B. Settlement with the State's Attorney**

7. Plaintiffs and the State's Attorney executed a Stipulation and Agreement of Settlement (attached as Ex. 5) on July 26, 2012. The Court granted preliminary approval of the proposed Settlement on July 31, 2012. Ex. 6, Preliminary Approval Order (State's Attorney).

8. The Settlement provides that the State's Attorney will implement procedures to comply with Illinois Legislature, Public Acts 97-0544 and 97-0680, to ensure that:

- The State's Attorney seeks a probable cause determination before the Circuit Court of Cook County with regard to the forfeiture of the seized property within fourteen (14) days of seizure;

- The owner of a vehicle seized pursuant to DAFPA has the opportunity to file a motion seeking the return of the vehicle and to present evidence, within seven (7) days of a finding of probable cause by the circuit court, showing that the deprivation of the vehicle pending the forfeiture trial presents a substantial hardship to the owner of the vehicle; and

- All registered owners and lienholders of vehicles seized by members of the CPD receive timely and appropriate notice of their rights to a prompt probable cause and hardship hearing required by Illinois law.

Ex. 5, Settlement with State's Attorney, Section 4.1.

4

9. In addition, this Court has preliminarily approved Plaintiffs' request and the State's Attorney's agreement to pay Class Counsel $250,000.00 as the State's Attorney's fair share of Plaintiffs' reasonable attorneys' fees and costs. Ex. 6, Preliminary Approval Order (State's Attorney), ¶ 3; Ex. 5, Settlement with State's Attorney, Section 12.1.

## II. THE FORM AND CONTENT OF THE NOTICE SATISFIED DUE PROCESS AND THE FEDERAL RULES OF CIVIL PROCEDURE.

10. The parties have provided notice of the Settlements through the best means practicable and in a manner and form consistent with due process and Rule 23(e) of the Federal Rules of Civil Procedure. Pursuant to this Court's Preliminary Approval Order of June 22, 2012 (Ex. 2), the City Defendants published the Summary Notice in the form approved by the Court in the *Chicago Tribune* on three occasions, beginning June 28, 2012 and ending July 12, 2012. *See* Ex. 7, Certificate of Publication (City).

11. Pursuant to the Court's Preliminary Approval Order of July 31, 2012 (Ex. 6), the State's Attorney published Summary Notice in the form and content approved by the Court in the *Chicago Tribune* on three occasions beginning August 4, 2012 and ending August 18, 2012. *See* Ex. 8, Certificate of Publication (State's Attorney). In addition, on or before August 7, 2012, the State's Attorney mailed notice to each and every Class Member whose vehicle was seized prior to March 16, 2012 and whose vehicle remained in custody pending DAFPA forfeiture proceedings. The notice informed Class Members of the procedures by which they may seek a hearing to obtain the release of their vehicles by demonstrating hardship, and that such hardship hearing shall be held within seven (7) days of their request, pursuant to Illinois law. Mailed notice was sent to Class Members at the addresses provided in Illinois Secretary of State records, or if incarcerated within the Cook County or Illinois Department of Corrections, to Class Members at the facility in which they were incarcerated. If a Class Member was represented by

an attorney in pending forfeiture proceedings with the State's Attorney, the State's Attorney mailed notice to the Class Member's attorney of record. A sample of the mailed notice is attached as Exhibit 9.

13. The Summary Notices published by the City Defendants and State's Attorney provided the required information in a form accessible to the Class. The Notices, which were preliminarily approved by the Court before publication, informed Class Members of the nature of the action, the class definition, the terms of the Settlements, the effect of final judgment, and the means to obtain complete information about the Litigation and Settlements from the court files, as required by law. *See* 3 Newberg, On Class Actions, § 8.32 (4th Ed. 2011). They also informed Class Members of the October 5, 2012 Fairness Hearing and their right to be heard and present objections to the Settlements, and provided them at least sixty (60) days to do so.

13. In granting a preliminary approval to the form and content of the Summary Notices, this Court found that the publication of the Notices fully satisfied the requirements of due process and the Federal Rules of Civil Procedure, and constituted the best and most practicable notice to Class Members under the circumstances. *See* Ex. 2, ¶4 and Ex. 6, ¶4. The Notices provided here exceed that required for claims limited to injunctive and declaratory relief. *See e.g., Navarro-Ayal v. Hernandez-Colon*, 951 F.2d 1325, 1336-37 (1st Cir. 1991) (notice to a suitable class representative may be sufficient when a cohesive class has been certified under Rule 23(b)(2)). The Court should reaffirm its preliminary finding and hold that notice provided to Class Members was adequate and reasonable under the circumstances so as to comply with due process and Rule 23(e) of the Federal Rules of Civil Procedure.

### III. THE SETTLEMENTS ARE FAIR, REASONABLE, ADEQUATE, AND IN THE BEST INTERESTS OF THE CLASS.

14. The Settlements in this case are fair, reasonable, and adequate, as well as in the best interests of the Class. The test for final approval is whether the Settlements represent a fair compromise. *See Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985). The relevant factors under Rule 23(e) to determine the Settlements' fairness, reasonableness, and adequacy include: (1) strength of Plaintiffs' case on the merits measured against the terms of the Settlements, (2) the complexity, length, and expense of continued litigation, (3) the amount of opposition to the Settlements, (4) the presence of collusion in gaining a settlement, and (5) the stage of the proceedings and the amount of discovery completed. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997) citing *Donovan*, 778 F.2d at 308; *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). The analysis of these factors favors final approval of the Settlements.

#### A. Strength of Case Measured Against the Terms of the Settlements

15. The results of the Settlements are excellent for the Class. The Settlements provide Class Members the requested relief, appropriate notice, and prompt, post-seizure hearings before a judge, and eliminate the uncertainties and costs inherent in the continued litigation of this case. Before this litigation, Illinois law allowed Defendants up to six (6) months before they were required to provide vehicle owners with the opportunity for a court hearing in which owners could contest the seizure of their cars. Indeed, Plaintiffs complained that Defendants' practices denied many vehicle owners hearings for a year or more after the CPD seized their cars. Under the procedures required in the Settlements and amended Illinois law, Class Members receive probable cause hearings before a judge *within fourteen (14) days* of the seizure of their cars. If a court finds probable cause and permits Defendants to retain a vehicle,

7

Class Members have the additional opportunity to request a court to release their cars within seven (7) days of the probable cause finding, by demonstrating that the temporary loss of their vehicles would pose a substantial hardship.

16. Plaintiffs are confident in the strength of their case. Plaintiffs were prepared to proceed to trial and beyond, unless and until they achieved what they believe to be a fair and just settlement. Defendants are equally confident in their defense.

17. Plaintiffs believe that unlike at the start of this litigation, Seventh Circuit precedent weighs in favor of the Plaintiffs' case. The parties argued this case before the Seventh Circuit after this Court initially dismissed the action, and the Seventh Circuit decided to abrogate the standing precedent, *Jones v. Takaki*, 38 F.3d 321 (7th Cir. 1994), that had informed the District Court's ruling. The Seventh Circuit followed the Second Circuit's lead in *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002), and held the particular private interests involved in seized automobiles in today's society requires "some sort of mechanism to test the validity of the retention of the property" in order to "protect the rights of both an innocent owner and anyone else who has been deprived of property and . . . to see whether a bond or an order can be fashioned to allow the legitimate use of the property while the forfeiture proceeding is pending." *Smith v. City of Chicago*, 524 F.3d 834, 839 (7th Cir. 2008). Thus, the Seventh Circuit ruled that the Defendants' practices under DAFPA did not provide a sufficiently speedy opportunity for Plaintiffs to contest the lawfulness of the seizure. *Id.* The Supreme Court granted *certiorari*, and although the Seventh Circuit's opinion was vacated and remanded as moot in light of the resolution of the Original Plaintiffs' claims for injunctive relief, the Seventh Circuit's holding remains the likely outcome of further proceedings.

18. Defendants also view recent case law as strongly supportive of their position in the instant litigation. *See, e.g.*, *People v. One 1998 GMC,* 2011 IL 110236, 960 N.E.2d 1071 (Ill. Dec. 30, 2011) (due process did not require post-seizure, probable cause hearing to determine validity of seizure of claimants' vehicles, pending hearing on forfeiture).

19. Changes in Illinois law stemming from this litigation also support the Settlements. Effective January 1, 2012, 720 ILCS 5/36-1.5 and 725 ILCS 150/3.5 provide for preliminary probable cause review by the circuit court within fourteen (14) days of a seizure under DAFPA. As of March 16, 2012, 720 ILCS 5/36-1.5 and other related statutes provide the opportunity for an owner to request a hardship hearing to seek the prompt release of his or her car, as the forfeiture proceedings advance. Illinois law thus now requires prompt hearings.

20. The Settlements with Defendants require procedural updates to ensure compliance with the law, providing that every owner gets the opportunity to prompt probable cause and hardship hearings. *See* Exs. 1 and 5, Sections 2.2 and 4.1.

21. All parties recognize the inherent risks in this litigation. The Supreme Court did not reach the merits of Plaintiffs' constitutional claims and thus has not yet had the opportunity to address the substance of the Seventh Circuit's decision in this case. In addition, even if Plaintiffs were ultimately successful on the merits, the nature of relief is uncertain and likely subject to protracted litigation.

22. There are also a series of contested issues around the impact of the new Illinois legislation on Plaintiffs' class claims. These include but are not limited to whether Plaintiffs would be required to amend their Complaint and whether a new lawsuit would be required because the statute challenged by the instant litigation (DAFPA) has been altered, thus arguably mooting Plaintiffs' class claims for injunctive and declaratory relief.

23. The Settlements provide owners the opportunity to exercise their right to a prompt hearing, the primary goal of this lawsuit. The excellent results achieved by the Settlements are further augmented when weighed against the uncertainty and risks that accompany litigation.

### B. The Complexity, Length, and Expense of Continued Litigation

24. The amount of time, cost, and complexity of continued litigation also counsels in favor of settlement. All sides have invested a significant amount of time, effort, and money into this litigation. Continued litigation of this matter would involve substantial additional time and expense. This case has been actively litigated for six years. Plaintiffs' Counsel, alone, invested more than three quarters of one million dollars of time and expenses into this litigation to date. There could easily be many years of additional litigation with multiple appeals and more than one million dollars of additional attorney time if the case is litigated to its ultimate end.

25. This case has been hard fought at every stage, with nearly every motion contested and many appealed. The parties have taken this case from the District Court, to the Seventh Circuit, to the Supreme Court, and then back to the Seventh Circuit and District Court, with multiple attempts at interlocutory appeals along the way. Additional fact discovery remains, along with the possibility of disputes requiring court resolution. Summary judgment motions would follow shortly. Preliminary and/or permanent injunctive trials, evidentiary motions and hearings, remedial proceedings, appeals, and additional petitions for certiorari are all genuine possibilities if this litigation were to continue forward.

26. In contrast, the Settlements provide the entire class with the desired relief immediately. The procedural changes proposed in the Settlement agreements bring clarity and relief consistent with due process and remedy a decades-long practice of which Plaintiffs have complained.

10

27. Final approval of the Settlements today, pursuant to the terms set forth in the Stipulations and Preliminary Approval Orders, along with the closure it brings, is in the best interests of the Class and Defendants.

### C. The Amount of Opposition to the Settlements

28. Class Counsel are experienced class litigators who have thoroughly investigated and vigorously prosecuted this matter for more than six years through discovery, all dispositive pretrial motions, and multiple court appearances, giving them sufficient information to make an informed judgment of the costs and benefits of continued litigation. It is Class Counsels' strong opinion that the Settlements are fair, reasonable, and in the best interests of the Class.

29. Each of the individual Plaintiffs have been unanimous in his or her support of the Settlements, and distribution of notice has not yielded a single objection to the Settlements by Class Members.

### D. The Absence of Collusion in Gaining the Settlements

30. The Settlements are the result of arms-length negotiation by worthy adversaries, supervised by a federal magistrate judge. The settlement negotiations occurred in the midst of the same hard-fought, adversarial environment present at every stage of the litigation. Judge Cole, who mediated the Settlements, commented on the diligence with which all counsel pursued the interests of their respective clients: "Counsel for the parties are to be commended for the professionalism and flexibility with which they dealt with this case. Their conduct demonstrates that one can fulfill all the responsibilities that lawyers owe to courts without sacrificing in the slightest their obligations to their clients." Ex. 10, Docket No. 227, Order of May 23, 2012.

E.  **The Stage of the Proceedings and the Amount of Discovery Completed**

31.  The facts of this case are for the most part not in dispute. The case turns on issues of law—does the Constitution require notice and prompt post-seizure hearings when police officers seize private vehicles pursuant to DAFPA? Ms. Daniels and Class Counsel reviewed the strength of the Class claims through the six years of litigation before the District, Appellate, and Supreme Courts. In that time, the parties conducted significant fact discovery and tested their legal theories of the case in numerous motions and appeals decided by the Courts.

32.  After all of this litigation, Class Counsel have reached a firm conclusion, the same finding that this Court made in its preliminary approval of the Settlements – the Settlements are fair, just, and reasonable, and serve the best interests of the Class.

## IV.  ATTORNEYS' FEES

33.  Plaintiffs reasonably expended nearly $790,000 in fees and costs in this matter. Plaintiffs provide a breakdown of Class Counsels' reasonable hours and hourly rates in Plaintiffs' Agreed Motion for Attorneys' Fees and Costs. After negotiations supervised by Judge Cole, Plaintiffs agreed to accept, and Defendants agreed to pay, a total of $450,000 in fees and costs—$200,000 from the City Defendants and $250,000 from the State's Attorney. This Court preliminarily approved those fee awards as reasonable. They remain eminently reasonable today.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter the Agreed Final Judgment and Order (attached as Exhibit 11):

a.  Granting final approval of the Settlements, and all attachments thereto, as fair, reasonable, and adequate, and in the best interest of the Class;

    b. Awarding Class Counsel $200,000 as reasonable fees and costs from the City Defendants and directing Defendants to make payments as described in the Final Judgment and Order;

    c. Awarding Class Counsel $250,000 as reasonable fees and costs from the State's Attorney and directing the State's Attorney to make payments as described in the Final Judgment and Order;

    d. Finding that the Notice provided to Class Members satisfies FED.R.CIV.P. 23 and due process.

Respectfully submitted,


/s/ Craig B. Futterman_____
One of Plaintiffs' Attorneys

Craig B. Futterman
Joshua Benesh, Senior Law Student
Christina Prassas, Senior Law Student
EDWIN F. MANDEL LEGAL AID CLINIC
University of Chicago law School
6020 S. University
Chicago, Illinois 60637
(773) 702-9611

Mary DeSloover
Kevin Peters
Law Offices of Mary DeSloover
53 W. Jackson Boulevard
Suite 1615
Chicago, Illinois 60604
(312) 697-0022

Jonathan Brayman
Formerly of Law Offices of Thomas Peters
Breen & Pugh
53 W. Jackson Boulevard
Suite 1460
Chicago, Illinois 60604
(312) 360-1001