# Exhibit 2



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHERMANE SMITH, *et al.*, | |
| *Plaintiffs*, | No. 06 C 6423 |
| vs. | Judge Elaine E. Bucklo |
| CITY OF CHICAGO, *et al.*, | Magistrate Judge Jeffrey Cole |
| *Defendants*. | |

## PRELIMINARY APPROVAL ORDER

Plaintiff Bernice Daniels, individually and on behalf of a class of similarly situated persons (collectively "Plaintiffs"), having filed a Motion for Preliminary Approval of Class Action Settlement (the "Motion"), seeking an order granting preliminary approval of the proposed Settlement of the Litigation, in accordance with the Stipulation and Agreement of Settlement entered into by the Parties;

The Court being otherwise advised;

After review and consideration of the Stipulation and Agreement of Settlement and the Motion, and after due deliberation, IT IS HEREBY ORDERED that:

1. The Court, for purposes of this order (the "Preliminary Approval Order"), adopts the defined terms as set forth in the Stipulation.

2. This Court approves the Settlement as set forth in the Stipulation as appearing to be within the range of fairness, reasonableness, and adequacy. This preliminary approval is subject to the right of any Class Member to challenge the fairness, reasonableness and adequacy of the Settlement, or the fairness and adequacy of their representation by Class Counsel, and to show cause, if any exists, why a final judgment dismissing the claims of the Class based on the

Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

3. The Court grants preliminary approval of Class Counsels' attorneys' fees and costs as set forth in the Stipulation as reasonable.

4. The Court approves the Summary Notice attached to the Motion as Exhibit 6 and finds that notice by publication of the Summary Notice meets the requirements of due process and is the best and most practicable notice to the Persons in the Class under the circumstances. The Court further finds that the publication of the Summary Notice is due and sufficient notice of the Final Approval Hearing, proposed Settlement, application for an award of Attorneys' Fees and other matters set forth in the Summary Notice to all Persons in the Class, and that the Summary Notice fully satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable law.

5. The Court further directs Defendants to publish the Summary Notice in accordance with the terms of the Stipulation, and directs Defendants to file with the Court proof, by affidavits or declarations, of the publication of the Summary Notice at least five (5) days prior to the date of the Final Approval Hearing.

6. Class Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

7. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modification as may be consented to by the Parties to the Stipulation, and without further notice to the Class.

8. If this Settlement is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), (i) shall be without prejudice, and none of the terms shall be effective or enforceable; (ii) the costs of publication of the Summary Notice incurred or expended pursuant to the terms of the Stipulation shall be paid fifty (50) percent by Defendants and fifty (50) percent by Class Counsel; (iii) the Parties shall revert to their Litigation positions immediately prior to the execution of the Stipulation; and (iv) the fact and terms of the Stipulation and this Settlement shall not be admissible in any trial of this Litigation.

9. All proceedings in the Litigation, as to Defendants (but not as to the State's Attorney), except for those proceedings that may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing or prosecuting any action or asserting any claims against Defendant (but not as to the State's Attorney) that are or relate in any way to the Settled Claims as defined in the Stipulation.

10. The Court directs that all written objections to the Settlement shall be filed within sixty (60) days after entry of the this Order and, if applicable, must clearly identify any and all witnesses, documents, and other evidence of any kind that is to be presented at the Final Approval Hearing in connection with such objections and must also set forth the substance of any testimony to be given by such witnesses.

11. A Final Approval Hearing shall be held on **October 5, 2012, 1:30 p.m.** to consider and determine (i) whether the proposed Settlement should be approved as fair, reasonable and adequate; (ii) whether an order approving the Settlement and an entry of Final Judgment should be entered dismissing the Releasing Parties' claims as to the Defendants (but not as to the State's Attorney) as provided in this Stipulation; and (iii) whether the application of Class Counsel for an award of Attorneys' Fees should be approved.

12. Neither this Order, the Motion, the Stipulation, any provisions contained in the Stipulation, any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants or any other person of any liability or wrongdoing by them, or any of them, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Class, or any other person, has suffered any damage.

*Elaine E. Bucklo*

**HONORABLE ELAINE E. BUCKLO**

Dated: 6/22/2012

1202791_3