# Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERMANE SMITH, *et al.*, | |
| *Plaintiffs,* | No. 06 C 6423 |
| *vs.* | Judge Elaine E. Bucklo |
| CITY OF CHICAGO, *et al.*, | Magistrate Judge Jeffrey Cole |
| *Defendants.* | |

## FINAL JUDGMENT AND ORDER

Plaintiff Bernice Daniels, individually and on the behalf of a class of similarly situated individuals (collectively, "Plaintiffs"), having filed a Motion for Final Approval of Class Action Settlement (the "Motion") and supporting documents and affidavits, seeking an order granting approval of two proposed class action settlements (the "Settlements"): the first with the Defendants City of Chicago and former Chicago Police Department Superintendent Weis ("City Defendants"), and the second with Defendant Anita Alvarez, in her official capacity as State's Attorney of Cook County ("State's Attorney"), in accordance with the Stipulations and Agreements of Settlement (Docket No. 228, Ex. 1 and Docket No. 237, Ex. 1), entered into by the Parties, and preliminarily approved by the Court on June 22, 2012 and July 31, 2012 (Docket Nos. 236 and 245);

Due and adequate notice having been given to the Class; and after review and consideration of the Stipulations, the Motion and supporting documents and the Affidavits regarding publication of the Summary Notices, all other pleadings filed with the Court; and having reviewed the entire record in the Litigation, conducted a hearing on October 5, 2012; good cause appearing, the Court being fully advised in the premises, and after due deliberation,

1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court, for purposes of this Judgment and Order (the "Order"), adopts the defined terms as set forth in the Stipulations.

2. The Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, and the Defendants.

3. The Court finds that the publication of the Summary Notices, as set forth in the Preliminary Approval Orders (Docket Nos. 236 and 245), constitutes the best notice practicable under the circumstances to apprise all Persons within the Class of the pendency of the Litigation and their rights regarding the proposed Settlements of the Litigation, and that the Summary Notices afforded Class Members with an opportunity to present their objections, if any, to the Settlements. The Court finds that the provision of notice to the Class Members fully met the requirements of FED. R. CIV. P. 23, the Due Process Clause of the United States Constitution, and all other applicable law.

4. After a hearing on the Motion, and based upon the submissions of the Parties, the Motion is granted in its entirety. This Court approves the Settlements as set forth in the Stipulations, each of the releases contained in the Stipulations, and the Stipulations' other terms as fair, reasonable, adequate and in the best interests of the Class.

5. In addition, the Court specifically finds:

   a. The Settlements are commensurate with the strength of the claims of the Class.

   b. Further litigation of the Class Members' claims would be complex (dispositive motion practice, expert practice, trial, possible additional appeals), lengthy and expensive, and not at all certain to yield a positive result for the Class.

   c. There is no indication of any collusion between Class Counsel and Plaintiff Bernice Daniels acting as the class representative, on the one

           hand, and Defendants, on the other. This matter has been vigorously and ably litigated by all sides.

    d.    Class Counsel, experienced class action attorneys in this area of the law, have expressed the view that the terms of the Settlements are fair.

    e.    The Class Members, after receiving appropriate notice, have supported the Settlements. No Class Member has objected to the Settlements.

    f.    The stage of proceedings is highly appropriate for a class settlement. The parties have taken extensive discovery and litigated a variety of issues at the District Court, Appellate Court and Supreme Court levels, and thus have a good sense of the case.

6.     The Court finds that the award in fees and expenses to Class Counsel in the total amount of $450,000, $200,000 from City Defendants and $250,000 from the State's Attorney, is reasonable. The award is consistent with the lodestar approach, commonly approved in federal civil rights litigation. Class Counsel litigated this matter ably and obtained an excellent result for the Class.

7.     The Court also finds that the amount of attorneys' fees to be paid by each Defendant under the terms of the Settlements is a fair, reasonable and proportionate share of the total attorneys' fees and costs incurred by Plaintiffs and Class Counsel.

8.     The Court finds reasonable the award to Plaintiff Bernice Daniels from City Defendants in the amount of $5,000 for releasing her individual damage claims.

9.     The Parties to the Stipulations are therefore directed to consummate and perform their terms. The Court hereby accordingly authorizes and directs the City Defendants to make the following payments in accordance with the timing set forth below:

| Payee | Amount | Purpose | Payment Schedule |
|---|---|---|---|
| Craig Futterman and the Mandel Legal Aid Clinic | $60,000 | Attorneys' Fees | Within sixty (60) days of entry of the Final Judgment and Order |
| The Law Office of Mary F. DeSloover | $134,000 | Attorneys' Fees | Within sixty (60) days of entry of the Final Judgment and Order |
| Jonathan Brayman | $6,000 | Attorneys' Fees | Within sixty (60) days of entry of the Final Judgment and Order |
| Bernice Daniels | $5,000 | Consideration for Release of Individual Claim for Money Damages | Within sixty (60) days of entry of the Final Judgment and Order |

10. The Court hereby accordingly authorizes and directs the State's Attorney to make the following payments to Class Counsel in the total amount of $250,000 as reasonable attorneys' fees and expenses within sixty (60) days of entry of the Final Judgment and Order:

| Payee | Amount |
|---|---|
| Craig Futterman and the Mandel Legal Aid Clinic | $75,000 |
| Law Offices of Mary DeSloover | $167,500 |
| Jonathan Brayman | $7,500 |
| **Total** | **$250,000.** |

11. All of the claims of Plaintiff Bernice Daniels, individually and on behalf of a class of similarly situated persons, against the Defendants, are dismissed without prejudice with leave to reinstate on or before January 7, 2013. In the event a motion to reinstate is not filed on or

4

before January 7, 2013, except as necessary to enforce the terms of the Settlements, the claims shall be deemed dismissed with prejudice without further order of the Court. The Parties are to bear their own costs, except as provided in the Stipulations and herein.

12. The Court incorporates the terms of the Stipulations and retains jurisdiction to enforce their terms and this Final Judgment and Order pursuant to the authority of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

13. By operation of the Order, and under the terms of the Stipulations and releases therein, it is intended to preclude, and shall preclude, Class Members from filing or pursuing any Settled Claims under federal law or the law of any state against any one or more of Defendants. Class Members are deemed to have, and by operation of the Order shall have fully, finally, and forever released, relinquished and discharged all Settled Claims against each and all of the Released Parties.

14. All Class Members are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Settled Claims against any one or more of Defendants.

15. Neither the Stipulations nor the Settlements, nor any act performed or document executed pursuant to or in furtherance of the Stipulations or the Settlements, are or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of Defendants. The Released Parties may file the Stipulations and/or the Order in any other action that may be brought against them in order to support a defense based upon principals of res judicata, collateral estoppel, release, good faith settlement, accord and satisfaction, judgment bar, or any theory of claim preclusion or issue

preclusion or similar defense. The Parties may file the Stipulations in any proceeding brought to enforce any of the terms or provisions of the Stipulations.

16. No order, objection to or appeal from any order approving Class Counsels' Attorneys' Fees, or the payment to Plaintiff Bernice Daniels of $5,000 for settlement of her individual damages claim by City Defendants, shall in any way disturb or affect this Order and shall be considered separate from this Order.

17. Neither this Order, the Settlements or Stipulations, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants or any other Person of any liability or wrongdoing by them, and shall not be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Class, or any other person, has suffered any damage, that Defendants' defenses lack merit; nor shall they be construed as, or deemed to be evidence of, an admission or concession by Plaintiffs or any members of the Class that any of their claims are without merit, or that any defenses asserted by Defendants have any merit.

18. The Court finds that the terms of the Settlements were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, and is fair, reasonable and adequate and in the best interests of the Class.

By the Court:

Dated: \_\_\_\_, 2012

ELAINE E. BUCKLO

UNITED STATES DISTRICT COURT